Fill in this information to identify the case:

United States Bankruptcy Court for the:

_____ District of **Nevada**
(State)

Case number (If known): _____    Chapter **11**

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Dog Blue Properties, LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  4 5 – 4 6 4 9 5 0 9

4. **Debtor's address**

   **Principal place of business**

   4901 Park Road
   Number    Street

   Benica         CA      94510
   City           State   ZIP Code

   Solano
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City           State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City           State   ZIP Code

5. **Debtor's website** (URL)

6. **Type of debtor**
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **Dog Blue Properties, LLC**                                                              Case number (*if known*)_____
<u>Name</u>

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

<u>5</u>  <u>3</u>  <u>1</u>  <u>3</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____ When _____ Case number _____
                                      MM / DD / YYYY
            District _____ When _____ Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  **See Schedule 1**                   Relationship _____
            District _____                         When _____
                                                                MM / DD / YYYY
            Case number, if known _____

Official Form 201                        Voluntary Petition for Non-Individuals Filing for Bankruptcy                       page **2**

Debtor  **Dog Blue Properties, LLC**  Case number (*if known*)_____
　　　　　Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

　**Why does the property need immediate attention?** (*Check all that apply.*)

　☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　　What is the hazard? _____

　☐ It needs to be physically secured or protected from the weather.

　☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

　☐ Other _____

　**Where is the property?** _____
　　　　　　　　　　　　　　　Number　　　　Street

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　City　　　　　　　　　　　　　　　State　　ZIP Code

　**Is the property insured?**
　☐ No
　☐ Yes. Insurance agency _____
　　　　　　　Contact name _____
　　　　　　　　　　Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor   Dog Blue Properties, LLC                                    Case number (if known) _____
         Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐ I have been authorized to file this petition on behalf of the debtor.

☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/28/2019
              MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Jeffrey Carpoff
Printed name

Title  Managing Member

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date   01/28/2019
       MM / DD / YYYY

Candace Carlyon
Printed name

Clark Hill, PLLC
Firm name

3800 Howard Hughes Pkwy, #500
Number    Street

Las Vegas                                               NV          89169
City                                                    State       ZIP Code

702 862-8300                                            ccarlyon@clarkhill.com
Contact phone                                           Email address

2666                                                    NV
Bar number                                              State

## SCHEDULE 1– PENDING BANKRUPTCY CASES FILED BY AFFILIATES OF THIS DEBTOR

The following list identifies all of the affiliated entities that have filed voluntary petitions for relief in this Court under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, substantially contemporaneously with the filing of this petition.

| Name of entity | Date filed | Jurisdiction | Relationship |
|---|---|---|---|
| Double Jump, Inc. | 1/30/19 | District of Nevada | Affiliate |
| Brandy Boy Properties, LLC | 1/30/19 | District of Nevada | Affiliate |
| Dora Dog Properties LLC | 1/30/19 | District of Nevada | Affiliate |
| 475 Channel Road LLC | 1/30/19 | District of Nevada | Affiliate |
| 140 Mason Circle, LLC | 1/30/19 | District of Nevada | Affiliate |
| Park Road, LLC | 1/30/19 | District of Nevada | Affiliate |

ACTION BY UNANIMOUS WRITTEN CONSENT

OF

THE MANAGERS

OF

DOG BLUE PROPERTIES, LLC

January 28, 2019

The undersigned, being all of the managers (the "**Managers**") of Dog Blue Properties, LLC, a California limited liability company (the "**Company**"), acting pursuant to Section 17704.07(c) of the California Revised Uniform Limited Liability Company Act and Article V, Section 5.6 of the Operating Agreement of the Company (the "**Operating Agreement**"), in lieu of a meeting of the Managers, hereby take the following actions and adopt the following resolutions (the "**Resolutions**") by written consent, and direct that this written consent be filed with the records of the Company.

**WHEREAS**, the Managers have reviewed and had the opportunity to ask questions about the materials presented by the advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business;

**WHEREAS**, the Managers have had the opportunity to consult with the advisors of the Company to fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Managers have been presented with and have reviewed the terms and provisions of a proposed petition (the "**Chapter 11 Petition**") to be filed by the Company in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, the Managers have determined that it is advisable and in the best interests of the Company, its creditors, and other parties in interest that the Company file the Chapter 11 Petition;

## Chapter 11 Filing

**NOW, THEREFORE, BE IT HEREBY RESOLVED**, that, upon consideration of the Chapter 11 Petition, the Managers hereby approve the form, terms, and provisions of the Chapter 11 Petition and the transactions contemplated thereby, and the Company and each of the Authorized Persons (as defined below), as applicable, be, and each of them hereby is, empowered, authorized and directed, on behalf of and in the name of the

Company, to execute, verify, and cause to be filed in the Bankruptcy Court the Chapter 11 Petition in substantially the form previously submitted to the Managers with such changes as any Manager or any other officer, agent or representative designated by any of them (each, an "**Authorized Person**" and collectively the "**Authorized Persons**") may deem necessary, desirable or appropriate, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the filing of the Chapter 11 Petition;

**FURTHER RESOLVED**, that the Company and each of the Authorized Persons, as applicable, be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to take any and all actions in connection with the Chapter 11 Case of the Company (the "**Chapter 11 Case**") with a view to the successful prosecution of the case, including, without limitation, seeking authority for the Company to operate as debtors in possession and conducting business operations as determined by any of them to be in the best interests of the Company's estate and the Company's creditors;

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, on behalf of and in the name of the Company, to cause to be prepared and to execute, verify, deliver, and file, or cause to be executed, verified, delivered, and filed, all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, including any modifications, amendments, or supplements thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all other action with a view to the successful prosecution of the Chapter 11 Case which they or any one of them may deem necessary, desirable or appropriate in connection with the Chapter 11 Case contemplated hereby, including, without limitation, negotiating and obtaining the use of cash collateral, and executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with such use of cash collateral, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the taking of any such action;

**FURTHER RESOLVED**, that all actions heretofore taken for and on behalf of the Company by any of the Authorized Persons to seek relief for the Company under the Bankruptcy Code or in connection with the Chapter 11 Case or any matter related thereto be, and they hereby are, in all respects, ratified, authorized and approved by the Managers as acts of the Company;

## Waiver Under Operating Agreement

**FURTHER RESOLVED**, that any limitations, restrictions, obligations or rights existing pursuant to the Operating Agreement that apply, or could be deemed to apply, to the filing of the Chapter 11 Petition, the Chapter 11 Case, and the execution of any related documents or the consummation by the parties thereto of the transactions contemplated by the foregoing are irrevocably and unconditionally waived.

### Omnibus Resolutions

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, on behalf of and in the name of the Company to take, from time to time, any and all such action and to execute, verify and deliver any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates and other documents, and to make all payments and incur all expenses in connection with any actions contemplated by the foregoing resolutions as they or any of them deem necessary, desirable or appropriate, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Persons;

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, for and on behalf of the Company to execute and deliver such documents, and to take all such further actions as they or any of them deem necessary, desirable or appropriate, to effect the intent and purposes of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person;

**FURTHER RESOLVED**, that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions;

**FURTHER RESOLVED**, that any and all actions lawfully done for and on behalf of the Company by any of the Authorized Persons or any of the Company's advisors in connection with the Bankruptcy Case and with respect to any transactions contemplated by these Resolutions before or after their adoption be, and they are, in all respects, ratified, authorized, approved, adopted in good faith and consented to acts of the Company by the Managers for all purposes; and it is

**FURTHER RESOLVED**, that this written consent may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which together shall constitute a single document, and the signature of a Manager received by the Company by facsimile or electronic transmission shall be deemed to be a genuine signature.

*[signature page follows]*

3

**IN WITNESS WHEREOF**, the undersigned, being all of the Managers of the Dog Blue Properties, LLC, have executed this written consent as of the date first set forth above.

_____
Jeffrey P. Carpoff

_____
Paulette Carpoff

*[Signature Page to Unanimous Written Consent of the Managers of Dog Blue Properties, LLC – Ch. 11]*