CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
CLARK HILL PLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:     (702) 862-8300
Facsimile:      (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com
*[Proposed] Counsel for Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOG BLUE PROPERTIES, LLC,<br><br>                Debtor. | Case No.: BK-19-50104-btb<br>Chapter 11<br><br>Proposed Joint Administration with:<br><br><table><tr><td>19-50102-btb</td><td>Double Jump, Inc.</td></tr><tr><td>19-50103-btb</td><td>Dora Dog Properties, LLC</td></tr><tr><td>19-50105-btb</td><td>Brandy Boy Properties, LLC</td></tr><tr><td>19-50106-btb</td><td>475 Channel Road, LLC</td></tr><tr><td>19-50108-btb</td><td>Park Road, LLC</td></tr><tr><td>19-50109-btb</td><td>140 Mason Circle, LLC</td></tr><tr><td>19-50130-btb</td><td>DC Solar Solutions, Inc.</td></tr><tr><td>19-50131-btb</td><td>DC Solar Distribution, Inc.</td></tr></table><br>**DEBTORS' EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER BANKRUPTCY RULE 1015(b)**<br><br>Hearing Date:  OST Requested<br>Hearing Time:  OST Requested |

Double Jump, Inc., Dora Dog Properties, LLC; Dog Blue Properties, LLC; Brandy Boy Properties, LLC; 475 Channel Road, LLC; Park Road, LLC, 140 Mason Circle, LLC; DC Solar Solutions, Inc.; and DC Solar Distribution, Inc., the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court for entry of an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for the joint administration of the Debtors' separate Chapter 11 Cases (defined below) for procedural

purposes only (the "Motion"). In support of the Motion, the Debtors rely upon and incorporate by reference the *Omnibus Declaration of Seth R. Freeman in Support of the First Day Motions* (the "First Day Declaration"), filed with the in *Double Jump, Inc.*, [Proposed] Lead Case No. 18-50102-btb, as ECF No. 12.

Respectfully submitted this 4th day of February, 2019.

CLARK HILL PLC

CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
*[Proposed] Counsel for Debtors in Possession*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

3. Pursuant to Rule 9014.2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## II.

### BACKGROUND

4. On January 30, 2019 (the "Petition Date"), Holdings and the Real Estate Debtors (as defined below) each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code, and on February 3, 2019, DC Solar Solutions, Inc. and DC Solar Distribution, Inc. each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are requesting that the Chapter 11 Cases be jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Nevada (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. DC Solar Solutions, Inc., DC Solar Distribution, Inc., and DC Solar Freedom, Inc. (together, the "DC Solar" companies or the "Company") has become the largest manufacturer of mobile solar generators over the last decade. The Company designs, manufactures, and distributes mobile solar generators, mobile solar electric vehicle chargers, mobile solar light towers, and mobile solar power stations to private enterprises, municipalities, and universities. The Company was founded in 2009, and today has deployed its units across the United States.

8. In addition to DC Solar Solutions, Inc. and DC Solar Distribution, Inc., the Debtors are comprised of Double Jump, Inc., which holds 100% of the stock in DC Solar Solutions, Inc. and DC Solar Distribution, Inc., as well as six limited-liability companies which primarily hold real estate assets (both commercial and residential) for rent or lease, being Dog Blue Properties, LLC; Dora Dog Properties LLC; Brandy Boy Properties, LLC; 475 Channel Road, LLC; 140 Mason Circle LLC; and Park Road LLC (the "Real Estate Debtors"). The assets of the Real Estate Debtors will be pledged as collateral in connection with the proposed DIP Financing described in the First Day Declaration.

9. As set forth in the First Day Declaration, on December 18, 2018, the federal government seized funds from and froze all bank accounts associated with the DC Solar companies, allegedly in connection with a purported "investment fraud" perpetrated by the Company. On the same day, agents from the FBI and the IRS executed sweeping search and/or seizure warrants of the DC Solar business headquarters located in Benicia, California. Agents seized hundreds of items essential for the Company to conduct and operate its ongoing businesses, including, but not limited to, computer servers, computers, and hard copy files containing corporate books and records, investment agreements, lease agreements, vendor agreements, communications with investors and customers, and invoices for insurance and utility providers. Left without any liquid assets to fund the Company's business or basic communications and record-keeping infrastructure, the Company was forced to shut down and lay off its entire workforce the week before Christmas. Approximately 100 employees were laid off, and the Company was unable to pay wages owed to those employees. Following the seizure, the Company has continued to receive strong support from its employees, its customers, its partners, and its investors. Buoyed by the support of its key constituencies, the Company is securing debtor-in-possession financing and commenced these Chapter 11 Cases in order to reopen its business operations so that it may continue to serve its customers and other stakeholders, compensate its employees, and continue to deliver and develop its best-in-class products and services for the benefit of all constituencies.

10. In order to alleviate any concerns with regard to prior management, the Debtors have engaged an experienced independent restructuring advisor, Seth Freeman of GlassRatner, to act as the Corporate Restructuring Officer and lead the Debtors through the reorganization process. The DC Solar companies and Double Jump, Inc. have also engaged new independent directors to aid with the reorganization process

11. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

## III.

### RELIEF REQUESTED

12.     By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), jointly administering the Chapter 11 Cases for procedural purposes only. Schedules, Statements, and Proofs of Claim will be filed in each individual case.

13.     In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Chapter 11 Cases (except that of Double Jump, Inc.) substantially as follows:

> An order has been entered in this case consolidating this case with the case of Double Jump, Inc., Case No. 19-50102-btb, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 19-50102-btb should be consulted for all matters affecting this case.

14.     For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

## IV.

### BASIS FOR RELIEF

15.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.

16.     Solutions, Freedom, and Distribution are all companies with affiliated operations, and 100% of the stock is owned by Double Jump, Inc., the proposed lead debtor. Additionally, the Real Estate Debtors are owned by Jeffrey and Paulette Carpoff. As such, all of the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

17.     An order of joint administration relates to the routine administration of a case and "is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates." In re Las Torres Development, L.L.C., 413 B.R. 687, 693 (Bankr. S.D. Tex. 2009) (quoting In re McKenzie Energy

Corp., 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998)).  See also Advisory Committee Note to Rule 1015 (1983).

18. Joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Indeed, the Debtors anticipate that almost all of the notices, applications, motions, other pleadings, hearings, and orders in these cases will relate to all of the Debtors.

19. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to file the papers in one case rather than in multiple cases.

20. In addition, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court.

21. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process.

22. By jointly administering the Debtors' cases, the rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right, through a more efficient method of administration.

## V.

## NOTICE

23. Notice of this Motion shall be given to (a) the Office of the United States Trustee; (b) the holders of the 20 largest unsecured claims against the Debtors in each of their bankruptcy cases; (c) the United States Attorney for the Eastern District of California, Attn: McGregor W. Scott; (d) Double Jump's proposed post-petition debtor in possession lender; and (e) the Internal Revenue Service.  The Debtors submit that no other or further notice need be provided.

## VI.

## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this Court or any other court.

## VII.

## CONCLUSION

Based upon the above, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit 1, granting the relief sought herein and granting such other and further relief as may be just and proper.

Respectfully submitted this 4th day of February, 2019.

    CLARK HILL PLC

    _____
    CANDACE C. CARLYON, ESQ.
    Nevada Bar No. 2666
    TRACY M. O'STEEN, ESQ.
    Nevada Bar No. 10949
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, NV 89169

    *[Proposed] Counsel for Debtors in Possession*

**EXHIBIT 1**

**EXHIBIT 1**

CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
CLARK HILL PLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:    (702) 862-8300
Facsimile:    (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com
*[Proposed] Counsel for Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DOG BLUE PROPERTIES, LLC,<br><br>　　　　　　Debtor. | Case No.: BK-19-50104-btb<br>Chapter 11<br><br>Proposed Joint Administration with:<br><table><tr><td>19-50102-btb</td><td>Double Jump, Inc.</td></tr><tr><td>19-50103-btb</td><td>Dora Dog Properties, LLC</td></tr><tr><td>19-50105-btb</td><td>Brandy Boy Properties, LLC</td></tr><tr><td>19-50106-btb</td><td>475 Channel Road, LLC</td></tr><tr><td>19-50108-btb</td><td>Park Road, LLC</td></tr><tr><td>19-50109-btb</td><td>140 Mason Circle, LLC</td></tr><tr><td>19-50130-btb</td><td>DC Solar Solutions, Inc.</td></tr><tr><td>19-50131-btb</td><td>DC Solar Distribution, Inc.</td></tr></table><br>Hearing Date:<br>Hearing Time: |

**[PROPOSED] ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER BANKRUPTCY RULE 1015(B)**

Upon the motion (the "Motion") of the Debtors for entry of an order under Bankruptcy Rule 1015(b) (directing joint administration of these cases and administratively consolidating the respective chapter 11 cases of each Debtor for procedural purposes only; and upon consideration of

the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and for good and sufficient cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 Cases of the Debtors will be jointly administered by the Court. Schedules, Statements, and Proofs of Claim will be filed in each individual case. All other papers shall be filed in the lead case, Double Jump, Inc., Case No. 19-50102-btb, and shall indicate on the caption which case(s) the paper relates to.

3. A docket entry shall be made in each of the Chapter 11 Cases (except that of Double Jump, Inc.) substantially as follows:

> An order has been entered in this case consolidating this case with the case of Double Jump, Inc., Case No. 19-50102-btb, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 19-50102-BTB should be consulted for all matters affecting this case.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**IT IS SO ORDERED.**

| Submitted by: | Approved: |
|---|---|
| CLARK HILL PLC | OFFICE OF THE U.S. TRUSTEE |
| CANDACE C. CARLYON, ESQ.<br>TRACY M. O'STEEN, ESQ.<br>3800 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>*[Proposed] Counsel for Debtors i* | JARED A. DAY, ESQ.<br>300 Booth Street, Room 3009<br>Reno, NV 89509<br>Telephone: (775) 784-5335<br>Facsimile: (775) 784-5531 |

**LR 9021 CERTIFICATION**

-2-

In accordance with LR 9021, an attorney submitting this document certifies as follows (check one):

\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_ No party appeared at the hearing or filed an objection to the motion.

\_\_\_I have delivered a copy of this proposed order to all attorneys who appeared at the hearing and opposed the relief, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Jared A. Day, Esq. – Office of the US Trustee

\_\_\_ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###