CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
CLARK HILL PLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:    (702) 862-8300
Facsimile:    (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com
*[Proposed] Counsel for Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

DOG BLUE PROPERTIES, LLC

               Debtor.

Case No.: BK-19-50104-btb
Chapter 11

Proposed Joint Administration with:

| 19-50102-btb | Double Jump, Inc. (Lead) |
| 19-50103-btb | Dora Dog Properties, LLC |
| 19-50105-btb | Brandy Boy Properties, LLC |
| 19-50106-btb | 475 Channel Road, LLC |
| 19-50108-btb | Park Road, LLC |
| 19-50109-btb | 140 Mason Circle, LLC |
| 19-50130-btb | DC Solar Solutions, Inc. |
| 19-50131-btb | DC Solar Distribution, Inc. |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE AND (II) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Hearing Date: OST Requested
Hearing Time: OST Requested

Double Jump, Inc. ("Double Jump" or "Holdings") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of an order under sections 105, 366, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached hereto as Exhibit 1, (i) prohibiting utility companies from altering, refusing, or discontinuing service to the Debtors and (ii) establishing procedures for determining requests for additional adequate assurance of payment. In support of the Motion, the Debtors rely upon and incorporate by reference the *Omnibus Declaration of Seth R. Freeman in Support of First Day Motions* [ECF No. 12] (the "First Day Declaration"), filed with the Court concurrently herewith.

Respectfully submitted this 4th day of February, 2019.

CLARK HILL PLC

*/s/ Tracy M. O'Steen, Esq.*

CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:    (702) 862-8300
Facsimile:     (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com

*[Proposed] Counsel for Debtors and Debtors in Possession*

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for relief requested herein are sections 105, 366, 1107, and 1108 of the Bankruptcy Code.

3.      Pursuant to Rule 9014.2 of the Local Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## II.

### BACKGROUND

4.       On January 30, 2019 (the "Petition Date"), Holdings and the Real Estate Debtors (as defined below) each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code, and on February 3, 2019, DC Solar Solutions, Inc. and DC Solar Distribution, Inc. each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.

5.       The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.       To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Nevada (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.       DC Solar Solutions, Inc., DC Solar Distribution, Inc., and DC Solar Freedom, Inc. (together, the "DC Solar" companies or the "Company") DC Solar has become the largest manufacturer of mobile solar generators over the last decade.  The Company designs, manufactures, and distributes mobile solar generators, mobile solar electric vehicle chargers, mobile solar light towers, and mobile solar power stations to private enterprises, municipalities, and universities.  The Company was founded in 2009, and today has deployed its units across the United States.

8.       In addition to DC Solar Solutions, Inc. and DC Solar Distribution, Inc., the Debtors are comprised of Double Jump, which holds 100% of the stock in Solutions and Distribution, as well as six limited-liability companies which primarily hold real estate assets (both commercial and residential) for rent or lease, being Dog Blue Properties, LLC, Dora Dog Properties, LLC, Brandy Boy Properties, LLC, 475 Channel Road, LLC, 140 Mason Circle LLC, and Park Road LLC (the "Real Estate Debtors").  The assets of the Real Estate Debtors will be pledged as collateral in connection with the proposed DIP Financing described in the First Day Declaration.

9.       As set forth in the First Day Declaration, on December 18, 2018, the federal government seized funds from and froze all bank accounts associated with the DC Solar companies,

allegedly in connection with a purported "investment fraud" perpetrated by the Company.  On the same day, agents from the FBI and the IRS executed sweeping search and/or seizure warrants of the DC Solar business headquarters located in Benicia, California.  Agents seized hundreds of items essential for the Company to conduct and operate its ongoing businesses, including, but not limited to, computer servers, computers, and hard copy files containing corporate books and records, investment agreements, lease agreements, vendor agreements, communications with investors and customers, and invoices for insurance and utility providers.  Left without any liquid assets to fund the Company's business or basic communications and record-keeping infrastructure, the Company was forced to shut down and lay off its entire workforce the week before Christmas.  Approximately 100 employees were laid off, and the Company was unable to pay wages owed to those employees.  Following the seizure, the Company has continued to receive strong support from its employees, its customers, its partners, and its investors.  Buoyed by the support of its key constituencies, the Company is securing debtor-in-possession financing and commenced these Chapter 11 Cases in order to reopen its business operations so that it may continue to serve its customers and other stakeholders, compensate its employees, and continue to deliver and develop its best-in-class products and services for the benefit of all constituencies.

10.     In order to alleviate any concerns with regard to prior management, the Debtors have engaged an experienced independent restructuring advisor, Seth Freeman of GlassRatner,  to act as the Corporate Restructuring Officer and lead the Debtors through the reorganization process.  DC Solar companies and Double Jump, Inc. have also engaged new independent directors to aid with the reorganization process.

11.     Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**III.**

**RELIEF REQUESTED**

12.     The Debtors respectfully request entry of an order (i) prohibiting utility service providers, including those listed on Schedule 1 attached hereto (the "Utilities"), from altering,

-4-

refusing, or discontinuing services on account of the commencement of this Chapter 11 case or any unpaid pre-petition invoices or pre-petition claims and (ii) establishing procedures for determining requests for additional adequate assurance of payment.

13.    In addition, the Debtors request entry of orders (a) authorizing all applicable banks and other financial institutions (collectively, the "Banks"), when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers, on account of the electricity, telephone, internet and technology, water, and similar utility products and services the Debtors receive from the Utilities (the "Utility Services" giving rise to "Utility Obligations"), whether such checks or other requests were submitted before, on, or after the Petition Date; (b) authorizing the Banks to rely on the representations of the Debtors as to which checks are subject to this Motion, provided that any such Bank shall not have any liability to any party for relying on such direction and representations by the Debtors; (c) providing that the Banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and post-petition checks and fund transfers on account of the Utility Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and that any such Bank shall not have any liability to any party for relying on such direction by the Debtors; and (d) authorizing the Debtors to issue new post-petition checks or effect new post-petition fund transfers to replace any checks, drafts and other forms of payment which may be inadvertently dishonored or rejected.

14.    To provide adequate assurance of payment for future service to the Utilities, the Debtors propose the following procedures (the "Procedures") for determining the appropriate adequate assurance of payment:

a.    The Utility must serve a written request setting forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, and an explanation of why adequate assurance of payment is necessary (a "Request");

b.    The Request must actually be received by the Debtors' counsel, Clark Hill PLC, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, NV 89169 (Attn: Candace C. Carlyon),

within thirty (30) days of the date of entry of the order granting the relief requested herein (the "Request Deadline");

c. Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurances to a Utility serving a timely Request, if the Debtors, in their discretion, determines that the Request is reasonable;

d. If the Debtors believe that a Request is unreasonable, the Debtors, within thirty (30) days after the Request Deadline, shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking determination from the Court that the additional consideration offered by the Debtors constitutes adequate assurance of payment. Pending notice and hearing on the Determination Motion, the Utility that is the subject of the Request may not alter, refuse, or discontinue services to the Debtors, request an additional deposit or other security, nor recover or setoff against a pre-Petition Date deposit;

e. Any Utility that makes a timely Request shall be deemed to have adequate assurance of payment until the Court enters a final order in connection with such a Request finding that the Utility is not adequately assured of future payment, or until the Debtor and such Utility otherwise resolve consensually such request for additional adequate assurance of payment; and

f. Any Utility that fails to make a timely Request shall be deemed to be satisfied of adequate assurance of payment.

15. The relief requested herein should not (a) be construed as a request to assume, or for authority to assume, any executory contract under section 365 of the Bankruptcy Code or otherwise, (b) waive, affect, or impair any of the Debtors' rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, (d) be otherwise enforceable by any third party other than the Banks, or (e) impair the Debtors' ability to contest or object to any claims asserted against the Debtors on any ground permitted by applicable law.

## IV.

### BASIS FOR RELIEF

16.     Uninterrupted utility services are critical to the Debtors' ability to sustain their property and continue business operations during the pendency of the Chapter 11 Cases.  In the normal conduct of their businesses, the Debtors rely upon access to internet, electric, telephone, data, and other services provided by the Utilities.

17.     Permitting even one of the Utilities to terminate services to the Debtors, even briefly, could cause severe disruptions in the Debtors' operations.  As a result, the relief requested in this Motion is critical and should be approved as soon as possible.

18.     Although the Debtors anticipate that, once they resume operations, the cash flow from its ongoing business operations as well as proceeds from the DIP Facility will be sufficient to satisfy all administrative expenses, including post-petition utility bills, on a current and ongoing basis, the Debtors recognize that certain Utilities may not be satisfied without further assurances.

19.     The proposed Procedures outlined above provide a fair, reasonable, and orderly mechanism for the Utilities to seek additional adequate assurance, while temporarily maintaining the status quo for the Debtors and for the benefit of all stakeholders.

20.     The Debtors also propose to serve a copy of the order on all Utilities listed on Schedule 1, attached hereto, and, if additional Utilities are subsequently identified, on such subsequently identified Utilities.  The Debtors also propose that any Utility not currently listed on Schedule 1, but subsequently identified and served by the Debtors with a copy of the order, be afforded thirty (30) days from the date of such service to make a Request, if any, to the Debtors for additional adequate assurance of payment. Concurrently with such service, the Debtors will file with the Court a supplement to Schedule 1 adding the name of any Utilities so served.  Such notice and opportunity to request further assurances is sufficient under the Bankruptcy Code.

## V.

### APPLICABLE AUTHORITY

21.     Section 366 of the Bankruptcy Code protects a debtor against immediate termination of utility services after commencing its case.  Pursuant to section 366(c), a utility

company may alter, refuse, or discontinue utility service if within 30 days after commencement of the Chapter 11 case, the utility company does not receive adequate assurance in a form "satisfactory" to the utility company. This process is subject to the Court's ability to modify the amount of adequate assurance of payment and the Court's exclusive jurisdiction to decide what constitutes adequate assurance.

22.    The requirement that a utility receive adequate assurance of payment, however, does not require a guarantee of payment. Rather, it is intended to avoid exposing the utility to an unreasonable risk of nonpayment. In In re Adelphia Business Solutions, Inc., 280 B.R. 63 (Bankr. S.D.N.Y. 2002), the Bankruptcy Court for the Southern District of New York stated that "[i]n determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for post-petition services." Id. at 80. The essence of the Court's inquiry is an "examination of the totality of the circumstances [in making] an informed judgment as to whether . . . utilities [will] be subject to an unreasonable risk" of nonpayment. Id. at 82-83.

23.    The Debtors seek to mitigate the Utilities' risk of non-payment, while maintaining adequate capital to operate their business during this Chapter 11 by establishing the Procedures. Under the circumstances of this case, the establishment of the Procedures and compliance therewith constitutes adequate assurance of payment within the meaning of section 366(c) of the Bankruptcy Code. The Debtors propose to protect the Utilities further by establishing a reasonable procedure for them to request additional adequate assurance of payment. Separate negotiations with each of the Utilities would be time-consuming and would unnecessarily divert the Debtors from other critical tasks related to the operation of their businesses. If the Debtors fail to reach an early agreement with each Utility, they would then have to file motions seeking expedited determinations as to adequate assurance or risk service termination.

24.    The proposed Procedures, therefore, preserve the status quo and ensure continued utility services, while providing a prompt forum and methodology for the resolution of any dispute as to adequate assurance. Section 105(a) of the Bankruptcy Code authorizes the Bankruptcy Court to enter "any order . . . that is necessary or appropriate to carry out the provisions of this title." 11

U.S.C. § 105(a).    Because the proposed Procedures protect the Debtor without materially prejudicing the Utilities, they carry out the provisions of section 366 and therefore are appropriate under section 105(a).

25.    Similar relief has routinely been granted in other Chapter 11 reorganization cases in this district.  See, e.g., In re Bachi Burger, L.L.C., Case No. 18-16585 (ABL) (Bankr. D. Nev. Nov. 20, 2018); In re Lucky Dragon Hotel & Casino, LLC, Case No. 18-10792 (LED) (Bankr. D. Nev. Apr. 2, 2018);  In re Diagnostic Center of Medicine (Allen), LLP, Case No. 18-10152 (LED) (Bankr. D. Nev. Jan 25, 2018); In re Regal Property Holdings, Inc., Case No. 13-13969 (BTB) (Bankr. D. Nev. May 21, 2013); In re Zen Entertainment, Inc., Case No. 13-10589 (BTB) (Bankr. D. Nev. February 4, 2013); In re Prestige Travel, Inc., Case No. 12-21951-BAM (Bankr. D. Nev. November 6, 2012); In re S2 Art Group, Ltd., Case No. 12-20252 (BAM) (Bankr. D. Nev. Oct. 3, 2012).

## VI.

### IMMEDIATE AND UNSTAYED RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

26.    The Court may grant the relief requested in this Motion immediately if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003; see also In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm).  The Ninth Circuit has interpreted the language of "immediate and irreparable harm" in the context of injunctive relief.  In that context, the court has instructed that irreparable harm is a continuing harm for which there is no adequate legal remedy.  See, e.g., Ariz. Dream Act Coal. v. Brewer, 757 F.3d 1053, 1068 (9th Cir. 2014).  Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  See, e.g., Boardman v. Pacific Seafood Group, 822 F.3d 1011, 1019 (9th Cir. 2016).  The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

## VII.

### WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(H)

27.    The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## VIII.

### RESERVATION OF RIGHTS

28.    Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## IX

### NOTICE

29.    Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Nevada; (b) the parties listed in the list of twenty (20) largest unsecured creditors filed by each the Debtors in these Chapter 11 Cases; (c) the United States Attorney for the Eastern District of California, Attn: McGregor W. Scott; (d) all Utilities listed on Schedule 1 attached hereto; and (e) any such other party entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

## X.

### NO PRIOR REQUEST

30.    No previous request for the relief sought herein has been made to this Court or any other court.

### XI

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an Interim Order and a Final Order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and such other and further relief as may be just and proper.

Respectfully submitted this 4th day of February, 2019.

CLARK HILL PLC

*/s/ Tracy M. O'Steen*_____
Candace C. Carlyon, Esq. (SBN 2666)
Tracy M. O'Steen, Esq. (SBN 10949)
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (702) 862-8300
Facsimile:  (702) 862-8400
CCarlyon@ClarkHill.com
TOsteen@ClarkHill.com

*[Proposed] Counsel for Debtors*

# SCHEDULE 1
# LIST OF UTILITIES

| DC SOLAR SOLUTIONS, INC. | | | |
|---|---|---|---|
| **Provider** | **Address** | **Account No.** | **Service** |
| AT&T | PO Box 5025<br>Carol Stream, IL  60197-5025 | #####3474 | Internet |
| Comcast | PO Box 34744<br>Seattle, WA 98124 | #### ## ### ###9123 | Internet |
| Network Solutions | 12808 Gran Bay Parkway West<br>Jacksonville, FL 32258 | ####4846 | Internet |
| Duke | PO Box 1004<br>Charlotte, NC  28201-1004 | ##### #7025<br>9695 | Electricity |
| Nevada Energy | PO Box 30150<br>Reno, NV  89520-3150 | ###############8165<br>###############1308<br>###############5372 | Electricity |
| PG&E | Box 997300<br>Sacramento, CA 95899-7300 | #######483-3<br>#######865-1<br>#######425-4 | Electricity |
| Southern California Edison | PO Box 300<br>Rosemead, CA 91770 | #-##-###-2309 | Electricity |
| SRP | PO Box 80062<br>Prescott, AZ  86304-8062 | ###-##7-007 | Electricity |
| AT&T | PO Box 5025<br>Carol Stream, IL 60197-5025 | ### ### #### 909 0<br>### ### #### 826 0 | Phone Expense |
| AT&T Mobility | PO Box 6463<br>Carol Stream, IL  60197-6463 | #######6981<br>#######2670 | Phone Expense |
| Cox Communications | PO Box 53262<br>Phoenix, AZ  85072-3262 | ### #### #####5603<br>### #### #####7401 | Phone Expense |
| TPX Communications | PO Box 509013<br>San Diego, CA  92150-9013 | ##8306 | Phone Expense |
| Verizon | PO Box 660108<br>Dallas, TX 75266-0108 | #########-#0001<br>#########-#0001 | Phone Expense |
| West Unified Communications | PO Box 281866<br>Atlanta, GA  30384-1866 | ##8983 | Phone Expense |
| Dish | Box 9406<br>Palatine, IL  60094-4063 | #### #### #### 9047<br>#### #### #### 7838 | Other |
| Republic Services | PO Box 78829<br>Phoenix, AZ  85062-8829 | #-####-###2112<br>#-####-###7471<br>#-####-###6117 | Waste |

| BRANDY BOY PROPERTIES, LLC | | | |
|---|---|---|---|
| Charter Communications | PO Box 790086 Saint Louis, MO  63179 | ####-##-###-###6334 | Computer/ Internet |
| Cox Communications | PO Box 53248 Phoenix, AZ  85072-3249 | ### #### #######01 73 | Computer/ Internet |
| Zalanta | PO Box 105007 Atlanta, GA 30348 | ####-217-1 ####225-1 | Computer/ Internet |
| APS | PO Box 2906 Phoenix, AZ  85062-2906 | ######1395 | Electricity |
| Liberty Utilities | PO Box 80374 City of Industry, CA 91716-8374 | ######## 3779 | Electricity |
| Southwest Gas | PO Box 98890 Las Vegas, NV 89193-8890 | ###-######2-005 ###-######9-005 | Electricity |
| Zalanta | PO Box 105007 Atlanta, GA 30348 | ####-217-1 ####-225-1 | Electricity |
| South Tahoe Reguse | 2140 Ruth Ave, South Lake Tahoe, CA 96150 | ########## 7373 | Waste |
| City of Scottsdale | PO Box 52799 Phoenix, AZ  85072-2799 | ######-###3779 | Water |
| South Tahoe PUD | 1275 Meadow Crest Drive, South Lake Tahoe, CA 96150 | ######-### 3779 | Water |
| DOG BLUE PROPERTIES, LLC | | | |
| Direct TV | PO Box 6550 Green Wood Village, CO 80155 | ####8011 | Computer/ Internet |
| Dish | PO Box 9406 Palatine, IL  60094-4063 | #### #### #### 5383 | Computer/ Internet |
| Hughes Net | PO BOX 96874 Chicago, IL 60693-6874 | ######4015 | Computer/ Internet |
| Network Solutions | 12808 Gran Bay Parkway West Jacksonville, FL 32258 | ####4846 | Computer/ Internet |
| Liberty Utilities | PO Box 80374 City of Industry, CA 91716-8374 | ########-####2801 | Electricity |
| NV Energy | 6226 W Sahara Ave, Las Vegas, NV  89146 | ###############7778 | Electricity |
| PG&E | Box 997300 Sacramento, CA 95899-7300 | ######564-1 ######766-3 ######380-0 ######075-2 | Electricity |

-2-

| Southwest Gas | PO Box 98890<br>Las Vegas, NV 89193-8890 | ###-######4-008<br>###-######0-002 | Electricity |
|---|---|---|---|
| Ferellgas | PO Box 88086<br>Chicago, IL 60680-1086 | ####8213 | |
| Republic Services | PO Box 78829<br>Phoenix, AZ 85062-8829 | 3-####-###3854<br>3-####-###2798<br>3-####-###3854<br>3-####-###9940<br>3-####-###9941<br>3-####-###9942 | Waste |
| South Tahoe Refuse & Recycling | 2140 Ruth Avenue<br>South Lake Tahoe, CA 96150-4330 | ####1700 | Waste |
| Upper Valley Refuse & Recycling | PO Box 45091 San Francisco, CA 04145-0091 | ##-#######-# 1085 | Waste |
| AT&T | PO Box 5025<br>Carol Stream, IL 60197-5025 | ###-###-#### 265-2<br>###-###-#### 122-0 | Phone |
| City of Martinez | 525 Henrietta St.<br>Martinez, CA 94553 | ##0529<br>##0304<br>##3140<br>##4770 | Utility |
| EBMUD | PO Box 1000 Oakland, CA 94649-0001 | #######9308 | Water |
| Napa County - Lake Berryessa | 1195 3rd St., Ste B10<br>Napa, CA 94559 | ##71 | Water |
| Las Vegas Valley Water | PO BOX 2921<br>Phoenix, AZ 85062-2921 | #######010-8 | Water |
| South Tahoe PUD | 1275 Meadow Crest Drive, South Lake Tahoe, CA 96150-7401 | ######-### 1108 | Utility |

**DORA DOG PROPERTIES, LLC**

| Cox Communications | PO Box 79175<br>Phoenix, AZ 85062 | ### #### #####0401 | Computer/Internet |
|---|---|---|---|
| Iteknique | 1850 Gateway Blvd Ste. 1090<br>Concord, CA 94520 | | Computer/Internet |
| Network Solutions | 12808 Gran Bay Parkway West<br>Jacksonville, FL 32258 | ####4846 | Computer/Internet |
| NV Energy | PO Box 30150<br>Reno, NV 89520-3150 | ################2343 | Electric |
| PG&E | | #######407-4<br>#######787-4<br>########841-0<br>########199-4<br>########292-8<br>########336-0 | Electric |
| Southwest Gas | PO Box 98890<br>Las Vegas, NV 89193 | ###-######9-002 | Electric |
| Tesla Solar | PO Box 3500<br>Draper, UT 84020 | JB-######84-00 | Electric |

-3-

| | | | |
|---|---|---|---|
| Republic Services | PO Box 78829<br>Phoenix, AZ 85062 | #-####-###7426<br>#-####-###8638 | Waste |
| CCWD | PO Box 1430<br>Suisun City, CA  94585-4430 | ####387-3<br>####656-4 | Water |
| City of Martinez | 525 Henrietta Street<br>Martinez, CA  94553 | ##1988<br>##0653<br>##0878<br>##2044 | Water |
| EBMUD | PO Box 1000<br>Oakland, CA  94649-0001 | #######5206 | Water |
| LVWD | PO Box 2921<br>Phoenix, AZ 85062 | #######700-5 | Water |

**EXHIBIT 1**

**EXHIBIT 1**

CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
CLARK HILL PLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:    (702) 862-8300
Facsimile:    (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com
*[Proposed] Counsel for Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: BK-19-50104-btb |
| | Chapter 11 |
| DOG BLUE PROPERTIES, LLC | |
| | Proposed Joint Administration with: |
| Debtor. | |

| | |
|---|---|
| 19-50102-btb | Double Jump, Inc. (Lead) |
| 19-50103-btb | Dora Dog Properties, LLC |
| 19-50105-btb | Brandy Boy Properties, LLC |
| 19-50106-btb | 475 Channel Road, LLC |
| 19-50108-btb | Park Road, LLC |
| 19-50109-btb | 140 Mason Circle, LLC |
| 19-50130-btb | DC Solar Solutions, Inc. |
| 19-50131-btb | DC Solar Distribution, Inc. |

Hearing Date: OST Requested
Hearing Time: OST Requested

**[PROPOSED] ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
ENTRY OF ORDER (I) PROHIBITING UTILITY COMPANIES FROM
ALTERING, REFUSING, OR DISCONTINUING SERVICES AND (II)
ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the emergency motion (the "Motion") of the Debtors for entry of an order (i)

prohibiting utility companies from altering, refusing, or discontinuing service to the Debtors and (ii) establishing procedures for determining requests for additional adequate assurance of payment; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing:

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED on a final basis.

2.      Except in accordance with the procedure set forth below, absent further order of the Court, each Utility is prohibited from: (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the Petition Date; and (b) requiring the payment of any additional deposit or other security in connection with the Utilities' continued provision of utility services, including, the furnishing of internet and data service, electricity, water, telephone, or any other utility, to the Debtors.

3.      To provide adequate assurance of payment for future services to the Utilities, the Utility must serve a written request (a "Request") to Debtors' counsel, Clark Hill PLC, 3800 Howard Hughes Parkway, Suite 500 Las Vegas, NV 89169 (Attn: Candace C. Carlyon) setting forth the location for which utility services is provided, the account number(s) for such location(s), the outstanding balance of each account, and an explanation as to why adequate assurance of payment is necessary. The Request must be actually received by Debtor's counsel within thirty (30) days of the date of the notice of entry of an order granting the relief requested in the Motion (the "Request Deadline").

4.      Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility serving a Request if the Debtors determine in their discretion that the Request is reasonable.

-2-

5. If the Debtors believe that a Request is unreasonable, the Debtors, within thirty (30) days after the Request Deadline, shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking determination from the Court that the consideration offered by the Debtors, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion or further order of the Court, the Utility that is the subject of the Request may not alter, refuse, or discontinue services to the Debtors, request an additional deposit or other security, nor recover or setoff against a pre-Petition Date deposit.

6. Any utility provider may also seek Court review of the reasonableness of a request for adequate assurance of payment.

7. Any Utility that fails to make a Request shall be deemed to be satisfied of adequate assurance of payment.

8. Any Utility having made a Request for adequate assurance of payment shall be deemed to have adequate assurance until the Court enters a final order in connection with such a Request finding that the Utility is not adequately assured of future payment, or until the Debtor and such Utility otherwise resolve consensually such request for additional adequate assurance of payment.

9. The Debtors may also supplement the list of Utilities on Schedule 1 attached to the Motion, and any subsequently identified Utility set forth on a supplemental Schedule 1 will fall within the scope of this Order from the date of the filing of the amended Schedule 1. Any Utility not listed on Schedule 1 attached to the Motion, but subsequently identified by the Debtors, shall be served with notice and a copy of this Order and be afforded thirty (30) days from the date of service to request adequate assurance, if any, from the Debtors. Such a request must otherwise comply with the requirements set forth above or shall be deemed an invalid adequate assurance request.

10. All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and post-petition checks, drafts and other forms of payment, including fund transfers, on account of the Utility Obligations, whether such checks or other requests were submitted prior to or after the Petition Date.

-3-

11. The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

12. The Debtors' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and post-petition checks and fund transfers on account of the Utility Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such direction.

13. To the extent the Debtors have not yet sought to remit payment on account of the Utility Obligations, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Utility Obligations.

14. The Debtors shall be and hereby are authorized to issue new post-petition checks or effect new post-petition fund transfers on account of the Utility Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

15. Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute a post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

16. The terms of this Order shall apply to only those Utility Providers served with this Order, and the Debtors shall serve notice of entry of this Order and the Order on all Utility Providers within two (2) business days of entry of the Order.

17. Pursuant to Bankruptcy Rule 6003 and because of the immediate and irreparable harm to the Debtors that would be caused by disruptions to the Utility Services, this Order shall be

immediately effective and enforceable upon its entry.  Any stay of the terms of this Order under Bankruptcy Rule 6004(h) is hereby waived.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**IT IS SO ORDERED.**

Submitted by:
CLARK HILL PLC

/s/
_____
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:      (702) 862-8300
Facsimile:       (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com

*[Proposed] Counsel for Debtors and Debtors in Possession*

Approved:
OFFICE OF THE U.S. TRUSTEE

_____
JARED A. DAY, ESQ.
300 Booth Street, Room 3009
 Reno, NV 89509
Telephone: (775) 784-5335
 Facsimile: (775) 784-5531

### LR 9021 CERTIFICATION

In accordance with LR 9021, an attorney submitting this document certifies as follows (check one):

___ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

_ **__** I have delivered a copy of this proposed order to all attorneys who appeared at the hearing and opposed the relief, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Jared A. Day -

___ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###