Timothy S. Laffredi, Assistant United States Trustee
State Bar No.: WI 1055133
Cameron Gulden, Trial Attorney
State Bar No.: MN 310931
Edward M. McDonald Jr., Trial Attorney
State Bar No.: NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600
Fax: (702) 388-6658

E-Filed: February 7, 2019

**Attorneys for the United States Trustee for Region 17
      TRACY HOPE DAVIS**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | |
| **DOUBLE JUMP, INC.**, | Case No.: BK-19-50102-BTB |
| **DORA DOG PROPERTIES, LLC,** | Case No.: BK-19-50103-BTB |
| **DOG BLUE PROPERTIES, LLC,** | Case No.: BK-19-50104-BTB |
| **BRANDY BOY PROPERTIES, LLC,** | Case No.: BK-19-50105-BTB |
| **475 CHANNEL ROAD, LLC,** | Case No.: BK-19-50106-BTB |
| **PARK ROAD, LLC,** | Case No.: BK-19-50108-BTB |
| **140 MASON CIRCLE, LLC,** | Case No.: BK-19-50109-BTB |
| **DC SOLAR SOLUTIONS, INC.,** | Case No.: BK-19-50130-BTB |
| **DC SOLAR DISTRIBUTION, INC.,** | Case No.: BK-19-50131-BTB |
| **IN RE DC SOLAR FREEDOM, INC.** | Case No.: BK-19-50135-BTB |
| Debtors. | Chapter 11<br>Date: February 8, 2019<br>Time: 10:00 a.m.<br>Location: Courtroom 2 |

1

**RESPONSE AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE TO DEBTORS' EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER BANKRUPTCY RULE 1015(b)**

To the Honorable Bruce T. Beesley, Chief United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17, hereby files her response (the "Response") to the *Debtors' Emergency Motion for Order Directing Joint Administration of Cases Under Bankruptcy Rule 1015(b)* [ECF Nos. 13 & 28] (the "Motion") filed by captioned debtor Double Jump, Inc. ("Debtor").[1]

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND FACTS

1. Captioned debtor Double Jump, Inc. commenced this case by filing a voluntary petition under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") on January 30, 2019. [ECF No. 1].[2]

---

[1] The above-captioned case is one of ten related cases filed recently in Reno: *In re Double Jump, Inc.*, Case No. 19-50102-BTB ("Double Jump"); *In re Dora Dog Properties LLC*, Case No. 19-50103-BTB ("Dora Dog"); *In re Dog Blue Properties, LLC*, Case No. 19-50104-BTB ("Dog Blue"); *In re Brandy Boy Properties, LLC*, Case No. 19-50105-BTB ("Brandy Boy"); *In re 475 Channel Road, LLC*, Case No. 19-50106-BTB ("475 Channel"); *In re Park Road, LLC*, Case No. 19-50108-BTB ("Park Road"); *In re 140 Mason Circle, LLC*, Case No. 19-50109-BTB ("140 Mason"); *In re DC Solar Solutions, Inc.*, Case No. 19-50130-BTB ("DC Solar Solutions"); *In re DC Solar Distribution, Inc.*, Case No. 19-50131-BTB ("DC Solar Distribution"); and, *In re DC Solar Freedom, Inc.*, Case No. 19-50135-BTB ("DC Solar Freedom") (Double Jump, DC Solar Solutions, DC Solar Distribution, and DC Solar Freedom are the "DC Solar Debtors"), (Dora Dog, Dog Blue, Brandy Boy, 475 Channel, and Park Road are the "Real Estate Debtors") (all debtors collectively, are the "Debtors").

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, as well as the other Debtor cases, pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that the Response contains factual assertions predicated upon statements made by the Debtors, any of their current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the United

2. The Real Estate Debtors each commenced Chapter 11 bankruptcy cases on January 30, 2019. DC Solar Solutions and DC Solar Distribution commenced Chapter 11 bankruptcy cases on February 4, 2019. DC Solar Freedom commenced its Chapter 11 bankruptcy case on February 4, 2019. [*See* ECF No. 1 in each of the Debtor cases].

3. The DC Solar debtors design, manufacture, sell and lease solar technology, including generators, light towers, and charging devices. [*See* ECF No. 12, pp. 5-11 of 32; ¶¶ 11-28]. The Real Estate Debtors hold real estate that is purportedly being pledged to aid in reorganizing the Debtors. [*See* ECF No. 12, p. 4 of 32; ¶ 7].

4. As set forth in the "Omnibus Declaration" of Mr. Seth Freeman, the proposed chief restructuring officer for the Debtors, which was filed in support of the Debtors' first day motions [ECF No. 12], in December 18, 2018, federal agents raided the offices of the DC Solar Debtors, seizing their equipment and bank accounts on probable cause based on alleged violations of 26 U.S.C. §§ 7201 & 7206, and 18 U.S.C. §§ 1343, 371 & 1957. [*See* ECF No. 12, pp. 4-5 of 32; ¶ 9].

5. As set forth in the Omnibus Declaration, the IRS has conducted civil tax examination of the returns of the ultimate owners of the Debtors, Jeffrey and Paulette Carpoffs (the "Carpoffs), DC Solar Solutions and certain investments funds affiliated with the DC Solar Debtors and have taken positions with tax implications for these entities, including that the

---

States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

Unless otherwise noted: "Section" refers to a section of the Bankruptcy Code; "FRBP" refers to the Federal Rules of Bankruptcy Procedure; and, "ECF No." refers to the main bankruptcy docket for case number, BK-18-19-50102-BTB.

3

investment funds did not constitute "bona fide partnerships" and that the sales prices of solar generator systems sold between the DC Solar Debtors and the investment funds were overstated. [*See* ECF No. 12, p. 13 of 32; ¶ 37].

6. In addition, the Omnibus Declaration discloses that a former employee of one of the DC Solar Debtors has alleged that such former employee was the victim of "fraudulent inducement" and has alleged the discovery of a "fraudulent financial scheme." [*See* ECF No. 12, p. 14 of 32; ¶ 40].

7. The Omnibus Declaration also discloses that the Carpoffs have "stepped back from day-to-day management and decision-making" of the Debtors. [*See* ECF No. 12, p. 17 of 32; ¶ 48].

8. Accordingly, on February 4, 2019, all of the Debtors filed the Motion, except for DC Solar Freedom, which filed it on February 5, 2019. [*See* ECF No. 13]. It is supported by the Omnibus Declaration of Seth R. Freeman. [*See* ECF No. 12]. The Motion was refiled on February 5, 2019. [*See* ECF No. 28].

9. The Motion seeks to jointly administer the Debtors' bankruptcy cases under the Double Jump Case as the lead case. [*See* ECF No. 28, p. 5 of 12].

10. To date, no official committees or Chapter 11 trustees have been appointed in any of the Debtors' cases. [*See generally* Bankruptcy Court Docket for each Debtor Case].

11. The United States Trustee reserves all rights to further respond or object to the any amendments or additions to the Motion.

**ARGUMENT**

12. Federal Rule of Bankruptcy Procedure 1015(b) provides that:

> If a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order

4

> a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

FRBP 1015(b).

13. Local Rule 1015(h) provides that, "[u]nless otherwise ordered, jointly administered cases will be assigned to the lowest numbered case. Subsequent filings of papers must be filed only in the lead case." LR 1015(h).

14. The Motion indicates that the core of the Debtors' business is the DC Solar Debtors:

> DC Solar Solutions, Inc., DC Solar Distribution, Inc., and DC Solar Freedom, Inc. (together, the "DC Solar" companies or the "Company") has become the largest manufacturer of mobile solar generators over the last decade. The Company designs, manufactures, and distributes mobile solar generators, mobile solar electric vehicle chargers, mobile solar light towers, and mobile solar power stations to private enterprises, municipalities, and universities. The Company was founded in 2009, and today has deployed its units across the United States.
>
> In addition to DC Solar Solutions, Inc. and DC Solar Distribution, Inc., the Debtors are comprised of Double Jump, Inc., which holds 100% of the stock in DC Solar Solutions, Inc. and DC Solar Distribution, Inc., as well as six limited-liability companies which primarily hold real estate assets (both commercial and residential) for rent or lease, being Dog Blue Properties, LLC; Dora Dog Properties LLC; Brandy Boy Properties, LLC; 475 Channel Road, LLC; 140 Mason Circle LLC; and Park Road LLC (the "Real Estate Debtors"). The assets of the Real Estate Debtors will be pledged as collateral in connection with the proposed DIP Financing described in the First Day Declaration.

[ECF No. 28, p. 3 of 12; ¶¶ 7-8].

15. Double Jump simply appears to be a holding company. [*Id.*]

16. Although not requested in the Motion, it should be clear from any Order entered that the Debtors' estates will not be substantively consolidated.

17. In addition, the United States Trustee objects to any or all of the Debtors filing consolidated or combined monthly operating reports ("MORs"). All individual Debtor entities should filed their own MOR in their own cases. Doing so will allow creditors and parties in interest to track the financial activity and wherewithal of each Debtor.

5

18. Finally, the Debtors should be required to maintain separate claims registers to ensure that creditors, parties-in-interest, and the Court and parties can readily distinguish the debts owed by the separate debtors.

19. The United States Trustee reserves all rights to further and/or respond object to any amendments or additions to the relief sought in the Motion, and to any additional evidence or testimony introduced in support of the Motion.

**WHEREFORE**, the United States Trustee respectfully requests that the relief sought in the Motion be condition on the changes set forth in this Response.

Dated: February 7, 2019        **TRACY HOPE DAVIS**
               **UNITED STATES TRUSTEE, REGION 17**

By:   */s/ Cameron M. Gulden*
      Cameron M. Gulden
      Attorney for the United States Trustee